Plaintiff Magill, an heir at law of deceased, filed in circuit court "a motion for leave to appeal in the nature of an application for writ of mandamus" to the probate court for Wayne county, to review an order of widow's allowance to defendant Murray. April 23, 1934, the circuit court (by Hon. Homer Ferguson, circuit judge) entered an order allowing the appeal and requiring the probate judge to show cause why a peremptory writ of mandamus should not be entered to compel him to modify the order of widow's allowance.
The probate judge made return to the order to show cause. Plaintiff traversed the return. Defendant filedpræcipe for hearing. At the hearing the court (Hon. Adolph F. Marschner) dismissed the præcipe without prejudice because plaintiff claimed the review was upon general appeal. May 21st, with counsel present but on his own motion, Judge Ferguson amended the order allowing review to make it clear the proceeding was in mandamus and entered a new order to show cause, to which the probate judge filed new return.
June 1st, the matter came on for hearing before Circuit Judge Joseph A. Moynihan, who held the proceeding was in mandamus. Plaintiff refused to proceed except upon general appeal. Thereupon, on leave granted by this court, plaintiff brings mandamus to set aside Judge Ferguson's amended order of May 21st and to compel Judge Moynihan to hear the cause on general appeal.
Plaintiff's petition in circuit court for review of the probate order prayed for mandamus. The original order by Judge Ferguson granted review by mandamus. The amended order of May 21st was unnecessary and, therefore, harmless.
Plaintiff's position is that, because Court Rules Nos. 55, and 75, § 1 (1933), provide for review in *Page 260 
all cases by "appeal," an order allowing review, no matter what its form, entitles appellant to a general appeal if such remedy would lie. The rules are not to be so construed. The revision was designed to simplify, not confuse, the practice. General appeal, if permissible in the instant case, was a matter of right and no leave was necessary. In cases where leave is necessary and different methods of review are open, the method prayed by appellant and granted by the court must be pursued.
Writ denied, with costs.
NELSON SHARPE, C.J., and POTTER, NORTH, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.